## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KELLY POTTER,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. CIV-26-286-PRW** |
| | **)** | |
| **CHRISTE QUICK,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |

## REPORT AND RECOMMENDATION

Petitioner Kelly Potter, an Oklahoma state prisoner appearing pro se, seeks a writ of habeas corpus. *See* Doc. 1.[1] United States District Judge Patrick R. Wyrick has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. After a careful examination of the petition, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Rule 4), the undersigned recommends dismissal of this habeas corpus petition as untimely. *See* 28 U.S.C. § 2244(d)(1).

### I.    Screening.

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Rule 4 requires this Court to promptly review habeas petitions and promptly dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. This rule allows the Court to sua sponte raise the timeliness of a petition for writ of habeas corpus if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210.

Petitioner will not be prejudiced, as he has an opportunity to present his position by objecting to this Report and Recommendation. *See Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009) (upholding district court's sua sponte dismissal of habeas petition for failure to exhaust state court remedies where district court had allowed petitioner "an opportunity to respond to a problem obvious from the face of his pleadings," as required by *Day*).

## II.    Procedural history and Petitioner's claims.

Petitioner seeks habeas corpus relief from his sentence for two counts of robbery with a dangerous weapon in Oklahoma County District Court, Case No. CF-2009-4983. *See* Doc. 1, at 1; *see also State v. Potter, et al.,* No. CF-2009-

4983,

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&numb

er=CF-2009-4983&cmid=2512884 (last visited April 22, 2026).[2] Petitioner

entered a guilty plea on the two counts and the trial court sentenced Petitioner

to twenty years' imprisonment on each count, to be served concurrently. *Id.*

(docket entry dated Oct. 4, 2010). Petitioner did not move to appeal or

withdraw the plea. *Id.* (*see* docket generally).

Petitioner filed his habeas petition on February 17, 2026, raising one

ground for relief:

> His 20-year sentence . . . is illegal as it (a) exceeds the
> statutory maximum penalty for the offense of
> conviction and (b) is based on a fundamental
> misapplication and misinterpretation of the
> enhancement statute.

Doc. 1, at 2-4.

## III.    Analysis.

### A.    Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA established a one-year limitation period during which an

inmate in state custody can file a federal habeas petition challenging a state

---

[2]    The undersigned takes judicial notice of Petitioner's state court proceedings. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand").

conviction: "A [one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

The limitation period shall run from the latest of—

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

It also includes a tolling provision for properly filed post-conviction actions:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

*Id.* § (d)(2). To meet the "properly filed" requirement, an inmate must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements).

A petition filed outside the statute of limitations, accounting for statutory tolling, will be considered timely filed only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998))).

### B.     Petitioner's deadline to file for habeas corpus relief.

Unless a petitioner shows otherwise, the limitations period typically runs from the date the judgment becomes "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012).

Petitioner was sentenced on October 4, 2010, and he did not timely apply to withdraw his guilty plea, so his conviction became final on October 14, 2010.

*See Jones v. Patton,* 619 F. App'x 676, 678 (10th Cir. 2015) ("If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing.") (first citing OKLA. STAT. tit. 22 § 1051; then citing Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (OCCA), Title 22, Ch. 18, App.). Petitioner's "failure to appeal to the OCCA meant that he could not seek certiorari review from the United States Supreme Court, and he therefore is not entitled to a 90-day extension to file a petition for certiorari." *Id.* at 679 (citing 28 U.S.C. § 1257(a)). As a result, the limitation period for Petitioner to file an application for a writ of habeas corpus expired one year later on October 17, 2011, absent any statutory or equitable tolling. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" in which "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (quoting Fed. R. Civ. P. 6(a))).[3]

### C.   Availability and effect of tolling on the limitations period.

#### 1.   Statutory tolling.

The AEDPA allows for tolling of the limitation period while a properly filed state post-conviction action is pending before the state courts. *See* 28 U.S.C. § 2244(d)(2). An application for post-conviction relief in state court

---

[3]   October 15, 2011, was a Saturday.

"'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures,'" that is, when the "State's highest court has issued its mandate or denied review." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). But only state post-conviction actions "filed within the one year allowed by AEDPA will toll the statute of limitations." *See Davis v. Bridges*, 2024 WL 140026, at *4 (10th Cir. 2024) (quoting *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)).

Petitioner did not attempt to file any form of state post-conviction relief. So at no point was the § 2244 limitations period statutorily tolled. Accordingly, unless equitable tolling or another exception applies, the petition is untimely under § 2244(d)(1)(A).

### 2. Equitable tolling.

Petitioner filed his habeas corpus petition after the expiration of the limitations period. So, unless equitable tolling or another exception applies to save it, the petition is untimely and the Court must dismiss it.

"[A habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and

exceptional circumstances." *Gibson*, 232 F.3d at 808 (quoting *Davis*, 158 F.3d at 811). Petitioner must "demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And it is his burden to prove that equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner does not assert he is entitled to equitable tolling. So the Court should conclude he has not carried his burden and decline to apply equitable tolling to the limitations period.

### 3.   Actual innocence exception.

Because Petitioner's statute of limitations has expired, Petitioner's only remaining path around the § 2244(d) deadline would be "a 'credible showing of actual innocence.'" *Doe v. Jones,* 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at trial.*" *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Ultimately, Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327).

Petitioner neither argues he is actually innocent, nor does he indicate the presence of any new evidence. He only maintains that his sentence was unlawfully enhanced. *See* Doc. 1, at 2-4. As a result, the Court should conclude that the "actual innocence" exception does not apply.

## IV.    Recommendation and notice of right to object.

The undersigned recommends the Court dismiss Petitioner's habeas corpus petition as untimely. The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before May 13, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 22nd day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

9